UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

GERALD DUGGAN,

       Defendant.
_____/

Case No. 11-CR-20325
HON. GEORGE CARAM STEEH

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DOC. # 19)

Before the court is incarcerated federal defendant Gerald Duggan's *pro se* motion brought under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government filed its response on February 26, 2013, to which Duggan's reply brief was filed on April 26, 2013.[1] For the following reasons, Duggan's motion is denied.

Duggan was arrested following the execution of a search warrant at his home on February 7, 2011. Officers conducting the search found images of child pornography on both Duggan's computer and cell phone, as well as a storage locker containing printed images of child pornography, a toddler-sized doll, and children's underwear. At the Livonia Police Department, Duggan signed a written waiver of his Miranda rights. Duggan was charged with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5). He pleaded guilty

---

[1]Due to what it described as an inadvertent clerical error, the government initially failed to serve its response on Duggan. Duggan filed a motion to strike the response or in the alternative for the government to serve Duggan with its response. The government then promptly served Duggan with its response, and the court entered an order giving Duggan additional time to file a reply, which was filed on April 26, 2013.

pursuant to a written Rule 11 Agreement. Duggan was sentenced to 132 months on the distribution count and 120 months on the possession count, to run concurrently. Duggan did not file a direct appeal, but filed this § 2255 motion on October 22, 2012.

In his motion, Duggan states two grounds for relief: 1) "ineffective assistance of counsel during the pretrial stage of the instant case in failing to file a motion to suppress," and 2) "ineffective assistance of counsel during the pretrial stage of the instant case in failing to advise Mr. Duggan of suppression." On November 13, 2012, Duggan filed a "memorandum of points and authorities" requesting an evidentiary hearing.[2]

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). A prisoner must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" to succeed on such a motion. Valentine v. United States, 488 F.3d 325, 344 n.4 (6th Cir. 2007) (quoting Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001)).

In evaluating a claim of ineffective assistance of counsel, this court employs the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984). First, defendant must show

---

[2]As the government contends, Duggan does not give any specific information in support of his request for a hearing. Moreover, although he asserts that his counsel failed to investigate the circumstances of his arrest, Duggan himself has stated that he "related to counsel all the circumstances of his arrest." The court does not find that Duggan is entitled to the evidentiary hearing he requests, as the motion, files, and records of the instant matter "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

that his or her counsel's performance was deficient, and that s/he did not receive the "counsel" guaranteed in the Sixth Amendment to the U.S. Constitution. Id. at 687. Next, s/he must show errors so serious as to "deprive the defendant of a fair trial." Id. When a defendant pleads guilty, s/he must show that there is a reasonable probability that but for counsel's errors, s/he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The court will address Duggan's two listed grounds together, as counsel's alleged failure to *advise* Duggan about a suppression motion and failure to *file* a motion to suppress involve many of the same factual allegations. Generally, Duggan alleges in his motion that probable cause did not exist to search his residence. He then argues that his counsel did not adequately investigate the circumstances of the search in the course of his representation, and thus failed to address the alleged infirmities of the search.[3]

In Duggan's probable cause argument, he attacks the affidavit presented in support of the search warrant on the following listed grounds. He first complains that there was no

---

[3]Duggan also makes a very general argument concerning his Miranda rights, asserting that he "was not Mirandized prior to being ask (sic) the incriminating question set forth in ¶ 4 herein; prior to making the incriminating statements to police set forth in 4 herein any statements given by Mr. Duggan at his parents' house and at the police (sic) stations after the initial illegal search and seizure must be suppressed, on the grounds that it was taken in violation of Miranda (citation omitted) and is 'fruit of the poisonous tree' under Wong Sun v. United States, 371 U.S. 471, 488 (1963)." The court notes Duggan does not dispute that he signed a waiver of his rights once he was at the police station, following which it appears he engaged in a substantive interview and cooperated with the police investigation. Duggan makes no argument that he was subjected to improper custodial questioning at his home and the court declines to address this issue in any depth. To the extent Duggan is arguing that his statements were the improper "fruits" of an illegal search (conducted under an invalid warrant), the court finds this argument has no merit.

date given for a tip from the National Center for Missing and Exploited Children (NCMEC) (that a person using geraldduggan7612@att.net was posting images depicting child pornography on the internet). He also complains of a lack of reliability and corroboration for that same tip, and argues that the good faith exception of United States v. Leon, 468 U.S. 897 (1984), did not apply in this case. He thus states that it was objectively unreasonable for the officers to believe there was probable cause for the search, and asks for suppression of all evidence and statements on this basis. Duggan cites a number of cases, including United States v. Leake, 998 F.2d 1365 (6th Cir. 1993) and United States v. Frechette, 583 F.3d 374, 377 (6th Cir. 2009), to support his argument that the lack of a date and corroborating information for the NCMEC tip created an insufficient factual basis for the issuance of a search warrant.

As Duggan himself concedes, the issuing authority's determination on a search warrant must be given "great deference." United States v. Johnson, 351 F.3d 254, 258 (6th Cir. 2003). The instant warrant was supported by an affidavit which, despite Duggan's description of it, was comprised of information of sufficient specificity to disarm his arguments. The affiant's statements describe a date upon which the affiant was assigned to investigate the NCMEC tip, and subsequent, specific dates upon which the investigator discovered internet transmissions of child pornography with associated information connecting the distribution or possession of that child pornography to email addresses associated with Duggan. Duggan argues that the instant case is similar to the multitude of cases he cites for support, where, e.g., insufficient information existed to corroborate anonymous tips; no dates were given; and no factual basis was provided. However, the court finds no support in these cases for a determination that probable cause did not exist

here.  The court, accordingly, will decline to address the good faith exception of <u>United States v. Leon</u>, 468 U.S. 897 (1984), which Duggan contends did not apply here.

It is clear to the court that, under the circumstances of this case, the decision not to file a motion to suppress–or advise Duggan of the merits of such a motion–was reasonable. The search warrant was supported by probable cause, and the court finds there is no reasonable probability that a motion to suppress it would have been granted.  <u>Strickland</u> at 684.  This decision did not prejudice Duggan's defense, and the court cannot find that Duggan was deprived of the "reasonably effective assistance of counsel" on this basis.  <u>Id.</u> at 687.  Duggan's motion made under 28 U.S.C. § 2255 is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated:  May 30, 2013

                                                            s/George Caram Steeh
                                                            GEORGE CARAM STEEH
                                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 30, 2013, by electronic and/or ordinary mail and also on Gerald Duggan #45491-039, FCI Beaumont Low, Federal Correctional Institution P.O. Box 26020, Beaumont, TX 77720.

s/Barbara Radke
Deputy Clerk