UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

CASE NO. 11-CR-20325
HONORABLE GEORGE CARAM STEEH

v.

GERALD DUGGAN,

          Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b) (DOC. #35)

On May 30, 2013, the court denied *pro se* defendant Gerald Duggan's 18 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (Doc. #30). The Sixth Circuit affirmed. (Doc. #34). Now before the Court is Duggan's motion for relief from judgment pursuant to Fed. R. Civ. P. 60. (Doc. #35). For the reasons that follow, Duggan's motion will be denied.

Rule 60(b) states, in pertinent part:

**Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \* \*

    **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    **(4)** the judgment is void[.]

Fed. R. Civ. P. 60(b)(3), (4). The rule expressly states that it does not limit a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

Duggan relies on Rule 60(b)(3), (4) and (d)(3) to argue that the judgment against him is void. Duggan's motion is virtually unintelligible citing to boilerplate law without any explanation or argument. From what can be gleaned from the papers, Duggan argues that the judgment entered against him in his habeas case is void because the court did not address his *Miranda* argument. This argument lacks merit. The court addressed the *Miranda* issue expressly in footnote 3 of the order denying Duggan's motion to vacate. The court concluded that Duggan's *Miranda* argument lacked merit.

Putting aside the lack of merit in Duggan's instant motion, the motion is untimely. A motion to vacate a judgment under Rule 60(b)(3) or (4) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Multiple factors are considered in determining what constitutes a "reasonable time." Essentially, courts undertake a fact-specific inquiry on a case-by-case basis. *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 942 (6th Cir. 2013). Factors considered include "the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Id.* at 942–43 (citation and internal quotation marks omitted). Applying these factors here, the court concludes that Duggan's motion was not brought within a reasonable time. First, the length of delay from the date the court denied Duggan's motion to vacate—almost two years—is significant. And second, the circumstances of the delay are not explained. Duggan makes no effort to explain why he waited almost two years to file the instant motion under Rule 60(b). Third, the government will be prejudiced if the court allows Duggan's motion to move forward. Duggan's arguments have already been

addressed by this court, as well as the Sixth Circuit Court of Appeals, and the court's order denying Duggan's motion to vacate was affirmed on appeal. Fourth, if Duggan believed the court did not address one of his arguments in adjudicating the motion to vacate, he could have raised it on appeal, which he did not do. Therefore, the circumstances in this case do not compel the court to grant Duggan equitable relief.

For these reasons, Duggan's motion for relief from judgment pursuant to Fed. R. Civ. P. 60 is DENIED. Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

IT IS SO ORDERED.

Dated: April 29, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 29, 2015, by electronic and/or ordinary mail and also on Gerald Duggan #45491-039, FCI Oakdale 1, Federal Correctional Institution, P. O. Box 5000, Oakdale, LA  71463.

s/Barbara Radke
Deputy Clerk